IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., §<br>      PLAINTIFF, §<br>§<br>v. §<br>§<br>DONNA S. CLARK AND GMAC §<br>MORTGAGE CORPORATION, §<br>      DEFENDANTS. § | CIVIL CASE NO. 3:19-CV-1373-S-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's electronic order of referral, Doc. 5, the Court now considers Plaintiff's *Motion for Default Judgment and Stipulated Judgment*, Doc. 16. The requisites for a default judgment having been satisfied, it is recommended that the motion be **GRANTED**.

**I.   BACKGROUND**

Plaintiff initiated this declaratory judgment action against Defendants in June 2019, seeking a judgment determining and quieting title in real property located at 2110 Cornwall Lane, Sachse, Dallas County, Texas (the "Property"). Doc. 1 at 1. Plaintiff alleges that GMAC was the original holder of a note ("the Note") signed by Defendant Donna S. Clark ("Clark"), which was secured by a deed of trust (the "Deed") to the Property. Doc. 1 at 3-4; Doc. 1-1 (Note); Doc. 1-2 (Deed). When GMAC filed for bankruptcy protection in 2012 and subsequently underwent liquidation, Plaintiff became the successor holder of the Note, although no assignment of the Deed was ever recorded in the real property records. Doc. 1 at 1, 4; Doc. 16-1 at 2 (R. Negrin Affid.). Plaintiff avers that Clark has recently paid off the Note in full, and

Plaintiff wishes to release the lien on the Property. Doc. 1 at 1, 4; Doc. 16-1 at 2 (R. Negrin Affid.). Due to its status, however, GMAC does not have the authority to execute or record an assignment of the Deed or to record a release of lien on the Property. Doc. 1 at 4; Doc. 16-1 at 2 (R. Negrin Affid.).

By way of this suit, Plaintiff seeks *in rem* relief only, namely a judgment clearing GMAC's cloud on the title and permitting Plaintiff to record a release of lien on the Property now owned in fee by Clark. Doc. 1 at 5-6. Defendants were properly served with the summonses and complaint but did not answer or otherwise respond to this suit. Doc. 11; Doc. 15. At Plaintiff's request, the Clerk entered a default against Defendants. Doc. 19; Doc. 21. Plaintiff now seeks a default judgment against GMAC and has submitted a stipulated judgment as to Clark. Doc. 16.

**II.   APPLICABLE LAW**

The conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the clerk for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The decision to grant a default judgment is one soundly within the district court's discretion. *Id.* "[D]efault judgments

are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)).  There must be a sufficient basis in the pleadings for a court to enter judgment by default.  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  By virtue of having a default entered against it, a defendant is deemed to have admitted the well-pleaded allegations of the complaint and is barred from contesting the established facts.  *Id.* (citations omitted).

### III.  ANALYSIS

Plaintiff requests that the Court enter an *in rem* default judgment against GMAC, the former holder of the Note, so that Plaintiff, as the current Note holder, can record a release of the lien on the Property.  Doc. 16 at 3-4.  Plaintiff represents that Clark concurs in the requested relief and consents to a stipulated judgment.  Doc. 16 at 4.  Plaintiff has submitted a proposed final judgment, which Clark has signed indicating her stipulation thereto.  Doc. 16-2 at 1-3.

Defendants failed to respond to Plaintiff's complaint, the Clerk has entered a default, Doc. 21, and Plaintiff filed the instant motion in compliance with Rule 55, Doc. 16.  *See* FED. R. CIV. P. 55(a); *Brown*, 84 F.3d at 141.  Upon consideration of the law and facts, as well as for the reasons stated in Plaintiff's motion and evidenced by the supporting documentation, Plaintiff has presented the Court with a sufficient basis on which to grant a default judgment against GMAC in the form submitted.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Default Judgment and Stipulated Judgment*, Doc. 16, should be **GRANTED**.

**SO RECOMMENDED** on May 26, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4